UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                            Case No. 07-10942
                                                            Honorable Patrick J. Duggan

MELLONEY WILLIAMS,

    Defendant.
_____/

## OPINION AND ORDER GRANTING PLAINTIFF'S
## MOTION FOR SUMMARY JUDGMENT

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan, on December 12, 2007.

PRESENT:    THE HONORABLE PATRICK J. DUGGAN
                     U.S. DISTRICT COURT JUDGE

Plaintiff, the United States of America, filed this action against Defendant to enforce a promissory note that Defendant signed on July 14, 1988, in order to receive a student loan. Presently before the Court is Plaintiff's motion for summary judgment pursuant to Rule 56(c) of the Federal Rules of Civil Procedure, filed October 2, 2007. On October 4, 2007, this Court sent a notice to the parties, indicating that the motion for summary judgment had been filed and reminding them of the provisions of Eastern District of Michigan Local Rule 7.1, specifically subsection (d) which provides that "[a] response to a dispositive motion must be filed within 21 days after service of the motion. Nevertheless, Defendant has not responded to the motion. On November 5, 2007, this

Court informed the parties that it is dispensing with oral argument with respect to Plaintiff's motion pursuant to Local Rule 7.1(e)(2). For the reasons that follow, the Court grants Plaintiff's motion.

## Standard for Summary Judgment

Pursuant to Rule 56(c), "summary judgment is proper 'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.'" *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S. Ct. 2548, 2552 (1986) (quoting FED. R. CIV. P. 56(c)). "Rule 56(c) mandates summary judgment . . . against a party who fails to make a sufficient showing to establish the existence of an element essential to that party's case, and on which that party bears the burden of proof at trial." *Id.*

## Factual and Procedural Background

On July 14, 1988, Defendant executed a promissory note to obtain a student loan from the First America Savings Bank in the amount of $1,635 at 9.13% interest per annum. (Pl.'s Mot. Exs. A & B.) The loan obligation was guaranteed by Northstar Guarantee, Inc. and then reinsured by the United States Department of Education under loan guaranty programs authorized under Title IV-B of the Higher Education Act of 1965, as amended, 20 U.S.C. § 1071 et seq. (*Id*. Ex. A.)

Defendant defaulted on the obligation on May 24, 1991, and the holder filed a claim on the guarantee. (*Id*.) The guaranty agency then paid the holder the amount owed

on the loan, then totaling $2,329.77. (*Id*.) The Department of Education then reimbursed the guarantor for that claim payment pursuant to its reinsurance agreement. (*Id*.) The guarantor attempted to collect the debt from Defendant. (*Id*.) Unable to collect the full amount due, the guarantor assigned its right and title to the loan to the Department of Education on November 28, 1993. (*Id*.) Since the assignment date, the Department of Education has recovered $1,815 due on the loan, $390 which Defendant voluntarily paid and the remainder which the federal government secured from Defendant's federal income tax refunds. (*Id*. Exs. A & C.)

On March 5, 2007, Plaintiff initiated this lawsuit in order to collect the remaining amount due on the promissory note. Defendant filed an Answer to the Complaint on May 11, 2007, indicating *inter alia* that she believed the loan had been repaid via the government's retention of her federal tax refunds. Defendant further indicated in her Answer that she is not able to pay any amount due because she is disabled and therefore unable to work.

In response to Defendant's assertion that she is disabled, Plaintiff's counsel sent Defendant on three separate occasions an Application for Discharge: Total and Permanent Disability. (*Id*. Ex. E.) Defendant has not returned the completed application to Plaintiff or Plaintiff's counsel.

### III. Applicable Law and Analysis

In order to prevail in this action, Plaintiff must show the following: (1) Defendant signed the promissory note; (2) Plaintiff is the present owner or holder of the note; and (3) the note is in default. *United States v. Lawrence*, 276 F.3d 193, 197 (5th Cir. 2001). Plaintiff has satisfied its burden in this case. To survive summary judgment, therefore, Defendant must come forward with some evidence of a genuine issue for trial. *Id.* Defendant has not met her burden as she failed to respond to the motion and has failed to otherwise present evidence to defend against Plaintiff's claim.

Accordingly,

**IT IS ORDERED**, that Plaintiff's Motion for Summary Judgment is **GRANTED**.

                    s/PATRICK J. DUGGAN
                    UNITED STATES DISTRICT JUDGE

Copies to:
Pamela S. Ritter, Esq.

Melloney Williams
16524 Bowman
Roseville, MI 48066